IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


RICHARD GUTIERREZ,

    Plaintiff,

vs.                                                                   No. CIV-11-185  ACT/WDS

GENERAL MILLS, INC. A/K/A
GENERAL MILLS SALES,INC.,

    Defendant.


**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant General Mills, Inc. A/K/A General Mills Sales, Inc.'s ("General Mills" or "Defendant") Motion for Summary Judgment on the Issue of Spoliation and Supporting Memorandum [Doc. 35], Plaintiff Richard Gutierrez's ("Gutierrez" or "Plaintiff") Response [Doc. 39] and Defendant's Reply [Doc. 40].  The Court, having considered the motion, briefs, exhibits, and relevant law, and being otherwise fully informed, finds that Defendant's Motion is well-taken and should be GRANTED.

**LEGAL STANDARD**

Summary judgment is appropriate only in cases where, looking at the facts in the light most favorable to the non-moving party, there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); Fed.R.Civ.P. 56(c) (1986).  An issue of fact is "genuine" if there is sufficient evidence so

that a rational trier of fact could find for the non-movant. *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.,* 165 F.3d 1321, 1326 (10th cir. 1999). "An issue of fact is 'material if, under the substantive law, it is essential to the proper disposition of the claim.'" *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). The burden is on the movant to show there is an absence of evidence to support the non-moving party's case. *Celotex*, 477 U.S. at 325. The court is to determine "whether there is the need for a trial-whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v.. Liberty Lobby, Inc*., 477 U.S. 242, 250 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will ... preclude summary judgment." *Id*. The initial burden is with the movant to "point to those portions of the record that demonstrate an absence of a genuine issue of material fact given the relevant substantive law." *Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F.2d 1022, 1024 (10th Cir.), *cert. denied*, 506 U.S. 1013 (1992). "This burden may be discharged by showing there is an absence of evidence to support the non-moving party's case." *EEOC v. MTS Corp.*, 937 F. Supp. 1503, 1506 (D.N.M. 1996); *see also Medlock v. United Parcel Service, Inc.*, 608 F.3d 1185, 1189 (10th Cir. 2010)("[I]f the matter in issue concerns an essential element of the nonmovant's claim, the moving party may satisfy the summary judgment standard 'by identifying a lack of evidence for the nonmovant on [that] element.'")(internal quotation and citation omitted)(alteration in original).

When a federal court sits in diversity, it must apply the substantive law of the state in which it sits. *Martinez v. CO2 Services, Inc*., 12 Fed.Appx. 689, 2001 WL 363282 (D.N.M. 2001); *see also Boyd Rosene &* Assocs.*, Inc. v. Kansas Mun. Gas Agency*, 174 F.3d 1115, 1119 (10th Cir. 1999).

## DISCUSSION

This case arises from injuries that the Plaintiff claims he sustained after he allegedly tripped on a "slanted curb" in a lighted General Mills parking lot on September 29, 2009. Among his claims is one alleging General Mills is liable for spoliation of evidence, specifically the destruction of a security video tape. Plaintiff claims that General Mills intentionally destroyed the security tape documenting his alleged fall. [Doc. 1 at Ex. A.]

Intentional spoliation of evidence is a tort recognized in New Mexico. "In a diversity case, the substance of a jury instruction is a matter of state law." *Koch Gathering Sys. v. Wheeler,* 131 F.3d 898, 903 (10th Cir. 1997); *see also Kieffer v. Weston Land, Inc.,* 90 F.3d 1496, 1500 (10th Cir. 1996). In New Mexico, intentional spoliation of evidence requires disposal of, destruction, mutilation or significantly altering potential evidence with the "sole intent . . . to disrupt or defeat a potential lawsuit." UJI 13-1650 NMRA. The tort of intentional spoliation of evidence "seeks to remedy acts taken with the sole intent to maliciously defeat or disrupt a lawsuit." *Torres v. El Paso Electric Co.*, 1999 NMSC-029 at ¶50, 127 N.M. 729, *overruled on other grounds, Herrera v. Quality Pontiac*, 2003-NMSC-018, 134 N.M.43, 73 P.3d 181. The jury instruction further provides that when evidence is lost, destroyed or altered, an unfavorable inference is permissible, but not required. UJI 13-1651 NMRA. When determining when the inference is appropriate, the Court "should consider. . . whether the spoliator knew of the reasonable possibility of a lawsuit involving the spoliated object, whether the party requesting the instruction 'acted with due diligence with respect to the spoliated evidence,' and whether the evidence would have been relevant to a material issue in the case." *Torres v. El Paso Electric Co.*, 1999 NMSC-29 at ¶53 (internal citations and citing authority omitted).

Here, the material facts regarding Plaintiff's spoliation claim are straightforward and

either undisputed or unsupported by the Plaintiff.  Plaintiff acknowledges that he was an employee of Securitas, not General Mills. [Doc. 39 at p. 1 and at Ex. A.]  Plaintiff states that he discussed his alleged fall with his supervisor at Securitas and his supervisor saw the video tape. Plaintiff admits that he never discussed the video tape with anyone from General Mills and that he never requested that anyone at General Mills preserve the video tape.  Plaintiff asserts, without any admissible evidence submitted to support the assertion, that it was Securitas' responsibility to request a copy of the video. [Doc. 39 at Ex. A.]  Plaintiff makes this assertion in spite of the fact that *he* was in charge of reporting safety violations to Karla Hubble, the go-between as it relates to General Mills and Securitas. [Doc. 35 at Ex. B.] However, he admits that he never asked Karla Hubble to preserve a copy of the videotape. [*Id.*]

General Mills has provided admissible evidence that it had a policy of purging videos every thirty (30) days unless a request was made to preserve the video tape. [Doc. 35 at Ex. A.] Plaintiff knew of this procedure. [Doc. 35 at Ex. A.]  Plaintiff responds that General Mills should have preserved the video tape based on its alleged knowledge of a potential lawsuit because "General Mills was aware that Mr. Gutierrez was on leave due to his workers compensation claim therefore there was ample evidence of the potential for litigation." [Doc. 39 at p. 4.] There is nothing to support this assertion other than this statement of counsel which is not "suitable grist for the summary judgment mill." *Fullwiley v. Union Pacific Corp.* 273 Fed.Appx. 710, 717, 2008 WL 905223, 5 (10th Cir.2008)(unpublished)(quoting *Gross v. Burggraf*, 53 F.3d 1531, 1541 (10th Cir.1995)).  Plaintiff,  as employee of Securitas has not provided the Court any evidence that General Mills was aware of his workers compensation against Securitas let alone that he intended to file a lawsuit against General Mills.  Conversely, Plaintiff was aware of the video tape, had seen the video tape, knew that the video tape would be

4

automatically purged within thirty (30) days and yet he did not request that Securitas or General Mills keep a copy of the video tape.

Finally, Plaintiff argues that he placed General Mills on notice of a potential lawsuit in a letter dated February 18, 2009. [Doc. 39 at p.2.] This alleged letter is dated months *before* the alleged accident occurred and therefore is no help to Plaintiff. In Plaintiff's Statement of Undisputed Facts #1 he refers to a letter dated December 9, 2009. This letter is attached as Ex. A to Plaintiff's Response. [Doc. 39 at Ex. A.] However, this letter is also of no assistance to Plaintiff since it is dated more than thirty (30) days after the date of the accident and the evidence before the Court is that the tape would have been purged by that time. [Doc. 35 at Ex. A.]

Plaintiff has failed to provide any admissible evidence in support of his claim of intentional spoliation of evidence. He has presented no evidence that General Mills destroyed the tape with the sole intent to maliciously defeat or disrupt this lawsuit. In addition, Plaintiff has not established that he is entitled to an unfavorable inference with regard to the destruction of the video tapes. Plaintiff failed to request a copy of the tape in a timely fashion, despite his knowledge that the tape existed and he knew the security video tapes were regularly purged every thirty days all of which indicates a lack of due diligence on his part. Further, he did not provide any admissible evidence that General Mills was aware of a potential lawsuit based on Plaintiff's alleged accident. Under the circumstances, he is not entitled to an adverse inference for a spoliation claim. Thus, summary judgment will be granted for Defendants on Plaintiff's intentional spoliation claim.

IT IS THEREFORE ORDERED that Defendant General Mills, Inc. A/K/A General Mills Sales, Inc.'s) Motion for Summary Judgment on the Issue of Spoliation and Supporting

Memorandum [Doc. 35] is GRANTED and the Plaintiff's claim of Spoliation of Evidence is dismissed with prejudice.

_____
Alan C. Torgerson
United States Magistrate Judge, presiding