IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RICHARD GUTIERREZ,**

    **Plaintiff,**

v.                                                                                       Case No. 11-cv-0185 ACT/WDS

**GENERAL MILLS, INC.,**

    **Defendant.**

**ORDER SETTING SETTLEMENT CONFERENCE**

THIS MATTER is before the Court on the referral of the Honorable Alan C. Torgerson, United States Magistrate Judge, who is presiding by consent of the parties. Order of Reference [Doc. 45]. Judge Torgerson requests that the undersigned conduct a settlement conference in this case. *Id.* Accordingly, to facilitate a final disposition of this case, a mandatory settlement conference will be conducted in accordance with Rule 16(a)(5) of the Federal Rules of Civil Procedure. The conference will be held on **Monday, February 13, 2012 at 9:00 a.m.** in the Cimarron Courtroom, Fifth Floor, Pete V. Domenici United States Courthouse, 333 Lomas Boulevard in Albuquerque, New Mexico.

The parties or a designated representative, other than counsel of record, with full authority to resolve the case, must attend in person. Counsel who will try the case must also attend in person.

No later than the close of business on **Thursday, February 9, 2012**, each party must provide the Court, in confidence, a concise letter (typically no more than ten pages) containing an analysis of the strengths and weaknesses of its case. The letter should also provide a brief summary of any

significant events that have occurred since the most recent settlement conference (i.e., new facts disclosed through discovery, rulings on substantive motions, etc.), and explain how such events have changed counsel's evaluation of the case, if applicable. These letters may be submitted to the Court by facsimile at **575-528-1485** or by e-mail at **VidmarChambers@nmcourt.fed.us**.

Furthermore, if any party has in its possession any video or audio recordings of the incident upon which this action is based, that party must submit a copy of the recording to the Court no later than the close of business on **Thursday, February 9, 2012**.

The settlement conference may not be vacated or rescheduled except upon motion by the party or parties seeking to reschedule for good cause shown. Any motion to vacate or reschedule the settlement conference shall provide the Court with sufficient notice to ensure that other matters may be scheduled in the time allotted for the settlement conference.

IT IS SO ORDERED.

_____
Stephan M. Vidmar
United States Magistrate Judge